UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSHUA B.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendants.

3:22-cv-01202-JR

OPINION & ORDER

Russo, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning July 9, 2016,[2] due to PTSD, clinical depression, and scoliosis. Tr. 329. Plaintiff's claims

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

[2] Plaintiff subsequently amended his alleged onset date to March 31, 2020. Tr. 423.

Page 1 – OPINION & ORDER

were denied initially and on appeal and plaintiff requested a hearing before an Administrative Law Judge (ALJ).

After a hearing held on August 2, 2021, the ALJ determined plaintiff was not disabled. Tr. 15-30. Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons for discounting plaintiff's symptom testimony and failing to properly evaluate the medical opinion evidence of Dr. Schumacher, and the lay testimony of plaintiff's former employer.

A.    Plaintiff's Symptom Testimony

Plaintiff argues the ALJ failed to provide clear and convincing reasons supported by substantial evidence in discounting his symptom testimony. Pl. Br. at 11; *see Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (an ALJ must offer clear and convincing reasons for rejecting a claimant's testimony about their symptom severity). Specifically, plaintiff alleges the ALJ erred in discounting his testimony regarding the severity and limiting effects of his mental impairments during periods of sobriety from methamphetamine use. Pl. Br. at 24. According to plaintiff, his mental health symptoms did not significantly abate during periods of sobriety, and the ALJ failed to provide substantial evidence that his symptoms would improve with sobriety. Pl. Br. at 26. Thus, the ALJ's reasons for discounting plaintiff's testimony regarding his mental health symptoms failed to meet the clear and convincing standard. The Court agrees the ALJ failed to provide sufficient evidence to discount plaintiff's testimony regarding his mental health symptoms.

In cases where drug or alcohol abuse (DAA) is an issue, an ALJ must have evidence in the case record establishing that a claimant with a co-occurring mental disorder would not be disabled in the absence of DAA. SSR 13-2p, 2013 WL 621356, at *9. Here, the ALJ relied on a select group of records from May 2021 wherein plaintiff had improved objective findings but failed to consider the longitudinal record of plaintiff's mental disorder. Tr. 27, citing Tr. 885, 886, 887, 1248, 1249.

Page 2 – OPINION & ORDER

Mental disorders wax and wane over time, and the ALJ's reliance on a single period wherein plaintiff had normal findings amounts to reversible error. *See* Garrison, 759 F.3d at 1017 (an ALJ errs to isolate a few instances of improvement in the medical record as a basis for concluding a claimant is capable of working). Moreover, the record is replete with evidence that plaintiff's mental health disorders cause extreme and dangerous symptoms, even while sober; that he once reported "feeling improvement" is not substantial evidence of improvement, particularly in a mental health context. *See, e.g.,* Tr. 621, 624, 811, 877-78. In sum, the ALJ erred in his analysis of plaintiff's symptom testimony.

B.      Medical Opinion Evidence

Plaintiff argues the ALJ failed to properly evaluate the medical opinion of medical consultant Kevin Schumacher, PhD. An ALJ must articulate how persuasive he finds the medical opinions in the record. 20 C.F.R. § 404.1520c(b). Factors to be considered in evaluating the persuasiveness of a medical source's opinion include supportability, consistency, the source's relationship with the claimant, and any source specialization. 20 CFR § 404.1520c(c). Although an ALJ need not articulate his consideration of all factors used to assess persuasiveness, he must at a minimum "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. § 404.1520c(b)(2).

Dr. Schumacher appeared as a medical expert at plaintiff's August 2021 hearing. Dr. Schumacher opined that, with methamphetamine use, plaintiff met the listing criteria for 12.04 (major depressive disorder) and 12.15 (PTSD). When asked to consider the effects of substance abuse on plaintiff's symptoms, Dr. Schumacher replied that plaintiff would still experience significant limitations even if abstaining from substance use. For example, Dr. Schumacher opined that plaintiff could manage simple, routine instructions, but "not for very long." Tr. 69. Plaintiff

Page 3 – OPINION & ORDER

would not tolerate critical or negative feedback from supervisors or coworkers and would "actively avoid" contact with the public. *Id*. Dr. Schumacher recommended plaintiff not work in environments with sharp knives or sharp objects. Tr. 70. He further opined that plaintiff would not tolerate jobs that require sustained attentiveness for two hours. *Id*.

The ALJ found Dr. Schumacher's opinion as to plaintiff's disabling symptoms with methamphetamine use persuasive. The ALJ noted that "evidence of the claimant's significant aggression" as well as "his inability to maintain his basic needs while using substances is overall consistent with Dr. Schumacher's opinion." Tr. 22. However, the ALJ found unpersuasive Dr. Schumacher's opinion regarding plaintiff's functional limitations with sobriety. Specifically, the ALJ stated that Dr. Schumacher failed to "support this portion of his opinion with specific citations to the medical records describing the claimant's abilities with sobriety." Tr. 28. Additionally, the ALJ found Dr. Schumacher's opinion to be inconsistent with records showing normal mental status exams including a "euthymic mood and affect" and improvement with medication compliance. *Id*. citing Tr. 885-87, 1249.

Here again, the ALJ improperly relied on a very narrow set of plaintiff's records to demonstrate improvement, ignoring the longitudinal record showing symptoms that waxed and waned despite periods of sobriety. That Dr. Schumacher's opinion is inconsistent with one set of records from a very narrow timeframe does not demonstrate inconsistency with the record as a whole. Thus, the ALJ erred in his analysis of Dr. Schumacher's opinion.

C.      Lay Witness Testimony

Plaintiff's former employer submitted a written statement regarding his work quality and conditions. Tr. 420-21. In the statement, the employer indicated that plaintiff's quality of work

Page 4 – OPINION & ORDER

was good, but that he had frequent absences and irregular hours. Tr. 421. The ALJ failed to consider this evidence without comment, which is reversible error under 20 C.F.R. § 404.1520c(d).

D.     Remedy

Plaintiff asks the Court to remand for an award of benefits dating to March 31, 2020. If the ALJ erred in some respect in reaching a decision to deny benefits and the error was not harmless, ordinarily, the remedy is to remand for further proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). A remand for an award of benefits should only be made in rare circumstances. *Id.* at 1100.

To remand for an award of benefits under the credit-as-true rule, the Court should first ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* Here, the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's symptom testimony, the medical opinion of Dr. Schumacher, and the lay witness testimony of plaintiff's former employer, each of which would establish disability if accepted.

The Court should next ask whether the record has been fully developed, i.e., whether there are outstanding issues that must be resolved before a determination of disability can be made and whether further administrative proceedings would be useful. *Id.* at 1101. Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may prove enlightening in light of the passage of time. *Id.* Further proceedings would help resolve whether Dr. Schumacher's opinion regarding plaintiff's limitations when considered without the use of methamphetamines is persuasive, and reconsider plaintiff's symptom testimony and the lay witness testimony. Moreover, even if no outstanding issues remain, the Court must determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the

Page 5 – OPINION & ORDER

proceeding. *Id.* Even if all three requirements are met, remand for further proceedings remains within the Court's discretion. *Id.* at 1102. The Court finds a remand for further proceedings is appropriate in this case.

As such, the Court remands this case for further proceedings consistent with this opinion, including reconsidering plaintiff's symptom testimony, the medical opinion of Dr. Schumacher, and the lay witness testimony. Plaintiff shall be given the opportunity for a new hearing, and the Commissioner shall conduct any necessary proceedings to resolve the ambiguities in the record.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for further proceedings. The Clerk is directed to enter a judgment accordingly.

DATED this 29th day of October, 2024.

                                                                                                        /s/ Jolie A. Russo
                                                                                                        Jolie A. Russo
                                                                             U.S. Magistrate Judge